WILLIAMS *v.* CONTINENTAL INS. CO. OF NEW YORK CITY.[1]

(*District Court, D. Minnesota.* September, 1885.)

1. MARINE INSURANCE—VALUED POLICY.
   A valued policy is one in which the value of the property insured is fixed and agreed upon by both parties to the contract, and in case of total loss it is not necessary that proof should be made of the market value at the time and place of shipment.

2. SAME—OPEN POLICY.
   Unless a certain amount is stipulated and expressed in the contract of insurance as the value of the property upon which the risk is taken, then it is necessary that proof should be made of the market value in case of loss, and such a policy of insurance is denominated an open policy.

3. SAME—CUSTOM AND USAGE.
   Evidence of custom and usage cannot be received to change the contract of insurance.

4. SAME—CASE STATED.
   An open cargo policy was issued by the Continental Insurance Company of New York City to its agents at Duluth, Minnesota, and they issued to the shippers of certain wheat a certificate as follows: "This certifies that M. & M. are insured under and subject to the conditions of open policy No. 649, issued by the Continental Ins. Co. of New York city, at the Duluth agency, in the sum of $8,000 on 17,000 bushels wheat, in board cargo of schooner Carlingford, at and from Duluth to Buffalo. $8,000 at 2.25 per cent. is $180, which is hereby acknowledged to have been received. Loss, if any, payable to M. & M., or order hereon, and return of this certificate." *Held,* that this was an open and not a valued policy.

In Admiralty.

*C. K. Davis,* for libelant.

*W. D. Cornish,* for respondent.

NELSON, J. A libel is filed to recover upon a contract of insurance, by which the defendant agreed to cover a quantity of wheat shipped from the port of Duluth to the city of Buffalo. An open cargo policy was issued by the company to its agents at Duluth, and the contract of insurance arises under this policy and the certificate by which this particular risk was taken. This certificate was exe-

------

[1] Reported by Robertson Howard Esq., of the St. Paul bar.

·cuted·and delivered to the shippers, October 19, 1881, and is in the words and figures following:

"CONTINENTAL INS. CO. OF NEW YORK CITY.

"No. 12,104.                         INLAND MARINE DEPARTMENT.

"This certifies that Munger & Markell are insured under and subject to the conditions of open policy No. 649, issued by the Continental Ins. Co. of New York city at the Duluth agency, in the sum of eight thousand dollars, on 17,-000 bushels wheat, in board cargo of schooner Carlingford, at and from Duluth to Buffalo. $8,000 at 2.25 per cent. is $180, which premium is hereby acknowledged to have been received. Loss, if any, payable to Munger & Markell, or order hereon, and return of this certificate.

"This certificate is not valid unless signed by the authorized agent for this company at Duluth, Minn.

[Signed]                         "GEO. SPENCER & Co., Ag'ts.
"*Duluth, Minn., October 19, 1881.*"

And indorsed across the face of which certificate was the following:

"Permission is given to load and carry a locomotive and tender on deck to Prince Arthur's Landing, if towed there, also to tow below said Landing."

A stipulation is filed under which the court is to determine whether the policy is an open or a valued policy. This is the sole question, and its solution settles the controversy. It is agreed that if it is decided that the policy is open and not valued, there can be no recovery. The contract of marine insurance is an agreement by the company, in consideration of a certain sum paid, called "premium," to indemnify the insured for loss which may occur by the perils of the sea mentioned in the policy. This is accomplished by paying the insured the value of the property at risk, with expenses of putting it on board, etc. In case of a total loss the insured loses as much as the property was worth when shipped. A valued policy is one in which the value of the property insured is fixed and agreed upon by both parties to the contract, and in case of total loss it is not necessary that proof should be made of the market value at the time and place of shipment. Unless a certain amount is stipulated and expressed in the contract of insurance as the value of the property upon which the risk is taken, it is necessary that proof should be made of the market value in case of loss. Such a policy of insurance is denominated an open policy. How can the value be determined, in this case, except by proof of the market price per bushel at Duluth? No value is fixed in the certificate; only the extent of insurance is limited to $8,000, and the certificate of insurance states that it is made under and subject to the conditions of the open policy issued to the company's agents. These writings constitute the policy by which the contract of indemnity is effected, and as the value of the wheat is not agreed upon and expressed in the policy, it is an open and not a valued policy. The evidence of custom and usage offered cannot be received to change the contract.

A decree will be entered dismissing the libel.